| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ALLENDALE<br><br>Carla Jackson,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Denmark Technical College,<br><br>　　　　　Defendant. | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT<br><br>CASE NO.: 2017-CP-03-_____<br><br><br>**SUMMONS** |

TO THE DEFENDANT ABOVE NAMED:

YOU ARE HEREBY SUMMONED and required to answer the Complaint herein, a copy of which is served upon you, and to serve a copy of your answer to this Complaint upon the subscriber at the address shown below within thirty (30) days (thirty five (35) days if served by United States Mail) after service hereof, exclusive of the date of such service, and if you fail to answer the Complaint, judgment by default will be rendered against you for the relief demanded in the Complaint.

**CROMER BABB PORTER & HICKS, LLC**

BY: <u>s/Shannon M. Polvi</u>
　　Shannon M. Polvi (#101837)
　　1418 Laurel Street, Suite A (29201)
　　Post Office Box 11675
　　Columbia, South Carolina 29211
　　Phone　803-799-9530
　　Fax　　803-799-9533
　　*Attorney for Plaintiff*

November 15, 2017
Columbia, South Carolina

NOV 2 7 2017

INSURANCE RESERVE FUND
CLAIMS DEPARTMENT

| | |
|---|---|
| STATE OF SOUTH CAROLINA<br><br>COUNTY OF ALLENDALE<br><br>Carla Jackson,<br>        Plaintiff,<br><br>v.<br><br>Denmark Technical College,<br>        Defendant. | IN THE COURT OF COMMON PLEAS<br>FOURTEENTH JUDICIAL CIRCUIT<br><br>Civil Action No.: 2017-CP-03-_____<br><br><br>**COMPLAINT**<br>(Jury Trial Demanded) |

Plaintiff, by and through undersigned counsel, complaining of Defendants herein, alleges as follows:

1. Plaintiff, Carla Jackson, (hereinafter "Jackson") is a citizen and resident of Allendale County, South Carolina, and she was formerly employed at Denmark Technical College.

2. Defendant Denmark Technical College (hereinafter "Denmark Tech") is a two-year college and exists to educate students in various trades. Denmark Tech is headquartered and operates in Bamberg County, South Carolina.

3. Jurisdiction and venue are proper in the Allendale County Court of Common Pleas where this lawsuit is filed as the Plaintiff resides in Allendale County, South Carolina and the events described herein occurred in South Carolina.

4. Jackson's claims arise under the South Carolina Tort Claims Act, S.C. Code 15-78-10 *et seq.*, the common law of South Carolina, S.C. Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*, Section 15(a)(3) of the Fair Labor Standards Act, S.C. Code Ann. § 8-27-10 *et seq.* and the Constitution.

1



## FACTUAL ALLEGATIONS

5. Jackson received a Bachelor of Arts Degree in Sociology and a Minor in Criminal Justice Administration from Claflin University in 2006.

6. On or around January 4, 2011, Jackson was hired as the Executive Administrative Coordinator to the President of Denmark Tech. Jackson worked in a professional higher education environment performing numerous job duties including but not limited to preparing correspondence, reports, forms, and meetings, maintaining the President's calendar, and serving as a liaison between constituents and the President.

7. The Administrative Coordinator-President's Office position posting and description state that Denmark Tech requests that the individual holding the position have higher education in business management or a related area and relevant experience in business management, public administration, or administrative services.

8. Jackson applied to American InterContinental University in pursuit of a Master of Business Administration Degree. On September 29, 2013, Jackson was notified that she was accepted to the American InterContinental University and that she was enrolled in the Master in Business Administration program with a Specialization in Management, beginning on November 11, 2013.

9. Jackson began taking masters courses from American Intercontinental University in the fall of 2013. Throughout the time period of Jackson applying for and pursuing her Master's Degree, Jackson was an employee of Denmark Tech and was employed as the Administrative Coordinator in the President's Office.

10. On October 1, 2013, Jackson applied for tuition assistance from Denmark Tech. Jackson submitted her Tuition Assistance Application in accordance with the Guidelines

ELECTRONICALLY FILED - 2017 Nov 15 11:11:36 AM - ALLENDALE - COMMON PLEAS - CASE#2017CP0300266

Governing the Administration of Faculty and Staff Professional Development Programs with Title III Funds. The professional development activity for which Jackson was requesting assistance was that the graduate program provided a foundation in Business Administration and Management theories to convey strategies, policies, practices, and procedures throughout the institution. Jackson's pursuit of a Master of Business Administration Degree was specifically related to the Administrative Coordinator position, which was her then-present position with Denmark Tech.

11. Jackson's tuition assistance application was approved by the Former President, Dr. Boyd-Scotland and the former Title III Director, Tarshua "Teresa" Mack.

12. Jackson obtained her Master of Business Administration Degree, which directly benefited Denmark Tech and contributed to Jackson's excellent performance throughout her employment with Denmark Tech, initially as the Administrative Coordinator to the President of Denmark Tech and in her other roles.

13. Jackson was the Administrative Coordinator to the President of Denmark Tech from her hire date until October 1, 2015.

14. Jackson was exceptional at her job, resulting in promotions to positions she was qualified to perform.

15. On October 1, 2015, Jackson was appointed as the Interim Dean of Transitional Studies/ Distance Education.

16. On October 15, 2016, Jackson was appointed as the Interim Dean of Business, Computer, and Related Technologies.

17. Jackson met and exceeded the expectations of her employer while serving in the Interim Dean roles.

3



18. Throughout her employment with Denmark Tech, Jackson continued to work with the Board of Trustees and attended Board meetings and prepared meeting minutes on behalf of the Board.

19. On October 1, 2016 Jackson was approved for medical leave on an intermittent basis under the Family Medical Leave Act ("FMLA").

20. On November 10, 2016, Jackson submitted a letter to the President, Dr. Leonard McIntrye, regarding concerns about employment with Denmark Tech and the Board of Trustees.

21. On February 14, 2017, Jackson received a letter from Dr. Hall, the Interim President of Denmark Tech, stating that the supplemental pay she was receiving was suspended.

22. Shortly thereafter, Jackson received a standard alert from her bank that her paycheck was deposited. Jackson reviewed the bank information and noticed a significant change in her paycheck beyond what was her supplemental pay change.

23. Jackson went to Human Resources to inquire about the discrepancy. Jackson was informed by Sherry Donaldson, the HR Manager, that Dr. Hall instructed her to make such pay changes.

24. Shortly thereafter, Jackson met with Dr. Hall to discuss the letter she had received and that she had been informed by HR that her paycheck had a significant deduction at his instruction. Jackson expressly informed Dr. Hall that Denmark Tech's actions violated her rights and her pay should not be reduced without notice. Jackson had received no notice about the paycheck deduction, which was different from the supplemental pay change.

25. On February 15, 2017, Jackson filed an online complaint with the South Carolina Department of Labor, Licensing and Regulation ("LLR").

26. Later that day, Jackson was instructed to come to Dr. Hall's office.

27. Jackson did as instructed and during that meeting, Jackson was given a letter informing her that she was suspended without pay by Dr. Hall. Dr. Hall refused to provide any specifics about the suspension. Mary Long, State Tech HR Representative, was present, along with another HR Representative from York County who walked Jackson to her office and to collect Jackson's keys.

28. On February 21, 2017, Jackson received a notification from LLR informing her that her complaint was being investigated.

29. The LLR investigation resulted in Denmark Tech having to pay Jackson unpaid wages due to her.

30. On March 15, 2017, Denmark Tech paid some wages due to Jackson per the LLR instructions.

31. In a letter dated March 31, 2017, LLR notified Jackson that a warning was issued to Denmark Tech for failing to provide written notice to its employees as required under S.C. Code Ann. § 41-10-30. Any subsequent violations would result in monetary fines being issued by LLR. Further, LLR issued a citation for violations under the S.C. Payment Statute, S.C. Code Ann. § 41-10-40, for failing to pay all wages to Jackson and/or other employees as required under the law. Specifically, the investigation revealed that $207.90 wages were due to Jackson.

32. Jackson was suspended without pay from February 15, 2017 until her termination on May 11, 2017. Denmark Tech did not inform Jackson of any reasons for her unpaid suspension. Jackson was left in limbo for months without even knowing why she was suspended.

33. Without specifics of the grounds for suspension, Jackson was deprived of due process to rebut any and all grounds Denmark Tech may have alleged against her.



34. On May 11, 2017, Denmark Tech involuntarily terminated Jackson's employment. Denmark Tech's purported reasons for the termination of Jackson are utterly preposterous and have no basis in fact. When Denmark Tech terminated Jackson it falsely accused Jackson of inappropriately receiving tuition reimbursement even though Jackson had appropriately applied for and received tuition reimbursement years prior to the termination and suspension and at the approval of the Denmark Tech President and Title III Director. Denmark Tech also falsely accused Jackson of approving her own pay increases with the President's stamp. When, to the contrary, Jackson's pay increases were for the additional duties she performed and were at the express written approval of several required supervisory leaders of Denmark Tech leaders.

35. Jackson is a single mother. Denmark Tech's actions in suspending her for 3 months without pay and then depriving her of wages by egregiously terminating Jackson's employment, has resulted in a devastating impact on both Jackson and her minor child.

36. These actions have adversely impacted Jackson's health and she has been under professional medical care because of the actions described in this Complaint.

37. Jackson maintained exceptional job performance reviews throughout her employment with Denmark Tech, which included supervision under multiple different supervisors during the Jackson's employment. Jackson has no history of infractions and no disciplinary actions prior to her suspension that culminated in her termination.

38. Denmark Tech has made false statements about Jackson that have resulted in harm to her reputation in the community.

39. Denmark Tech has published statements that Jackson was terminated because she "gave herself money" and that she "paid herself double what she had earned" and other such statements that impugned Jackson's reputation.

6

## FOR A FIRST CAUSE OF ACTION
(Violation of the S.C. Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*)

40. Where not inconsistent herewith and alternatively, if necessary, Jackson realleges the foregoing.

41. Denmark Tech violated Jackson's rights under the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10 *et seq.*

42. Denmark Tech was Jackson's "employer" as defined by the South Carolina Payment of Wages Act, S.C. Code Ann. § 41-10-10(1).

43. Denmark Tech did not pay Jackson for all services rendered for the benefit of Denmark Tech.

44. Denmark Tech failed to pay Jackson for time worked, which she was entitled to receive in a timely fashion in the next paycheck after the hours were worked, as required by S.C. Code Ann. § 41-10-40 and 50.

45. Denmark Tech's failure to pay Jackson all wages due was willful, without justification, and in violation of the duty of good faith and fair dealing.

46. Pursuant to S.C. Code Ann. § 41-10-80, Jackson is entitled to the unpaid wages including three times the amount of wages to which he is owed (treble damages), attorney's fees, and costs for this specific cause of action.

## FOR A SECOND CAUSE OF ACTION
(Retaliation under Section 15(a)(3) of the Fair Labor Standards Act)

47. Where not inconsistent herewith and alternatively, if necessary, Jackson realleges the foregoing.

48. Sec. 15(a)(3) of the FLSA provides in pertinent part that an employer shall not: "discharge or in any other matter discriminate against any employee because such employee has

filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act".

49. Jackson engaged in protected activities under Sec. 15(a)(3) of the FLSA. Jackson reported wage violations to the Interim President on February 14, 2017. Jackson reported wage violations to LLR on February 15, 2017. Jackson's actions constitute protected activities under the FLSA and the resulting unpaid suspension and termination result from Jackson's reports and actions taken in opposition to Denmark Tech's wage violations.

50. As a direct and proximate result of Denmark Tech's retaliation and actions, Jackson has sustained the loss of her job, back pay and front pay, as well as attorney's fees and costs. Jackson is entitled an award of actual damages for reputational loss, embarrassment and humiliation, past, present and future.

## FOR A THIRD CAUSE OF ACTION
(Whistleblower Retaliation, S.C. Code Ann. § 8-27-10 *et seq.*)

51. Where not inconsistent herewith and alternatively, if necessary, Jackson realleges the foregoing.

52. Jackson reported violations of the law, regulations, public policy, and standards of conduct in regard to wages, in writing, as well as verbally, to the Interim President of Denmark Tech and to LLR.

53. Jackson also engaged in whistleblowing with her letter submitted on November 10, 2016 and subsequent communications following up on that letter.

54. Such actions constitute protected activities under the South Carolina Whistleblower Act.

8

55. Jackson's reports contained the date of disclosure, Jackson's name, the nature of the wrongdoing, and the dates on which the wrongdoing occurred. Such reports were made within sixty days of the date Jackson first learned of the wrongdoing.

56. As a direct and proximate result of Jackson's protected reports to the appropriate authorities, Jackson was suspended on February 15, 2017 and terminated on May 11, 2017. This action is timely brought within one year of her suspension and termination and engaging in the grievance procedures.

57. Jackson requests a nonjury civil action in accordance with S.C. Code Ann. § 8-27-30(A). For all other causes of action, Jackson requests a jury trial.

58. Denmark Tech has violated the South Carolina Whistleblower Act and Jackson is entitled to receive actual damages as provided therein for reinstatement, lost wages, actual damages not to exceed $15,000, and reasonable attorney fees not to exceed $10,000 for any trial and $5,000 for any appeal. Jackson is also entitled to pre-judgment interest.

### FOR A FOURTH CAUSE OF ACTION
(Denial of Due Process)

59. Where not inconsistent herewith and alternatively, if necessary, Jackson realleges the foregoing.

60. Denmark Tech deliberately manipulated Jackson's suspension and grievance process by: failing to provide her with the specific charges made against her; failing to allow her to confront her witnesses and accusers; by pre-judging her grievance; and by failing to allow her a fair and impartial avenue of redress, including the finders of fact who were not themselves tainted in the process.



61. That such action constitutes a violation of its rights to both substantive and procedural due process guaranteed to her under the Fifth Amendment to the United States Constitution.

62. As a direct and proximate result of the denial of Jackson's due process rights, Jackson has sustained the loss of her job, her earning capacity has been greatly damaged and Jackson has suffered reputational injury for which Denmark Tech is fully responsible.

### FOR A FIFTH CAUSE OF ACTION
(Defamation)

63. Where not inconsistent herewith and alternatively, if necessary, Jackson realleges the foregoing.

64. Denmark Tech defamed Jackson in word and by act in falsely accusing her of inappropriately receiving tuition reimbursement, for using the President's stamp for her own personal gain, for stealing money or funds, and other false claims impugning Jackson's personal character and professional capabilities.

65. These false and pretextual grounds were maliciously published by Denmark Tech's agents and employees acting within the course and scope of their employment.

66. Employees of Denmark Tech made open verbal statements to co-workers and various members of the public who knew Jackson, the purported reasons for Jackson's separation and other false claims such as that she "gave herself money" and that she "paid herself double what she had earned".

67. The defamatory actions and words of Denmark Tech have directly and indirectly promulgated to the public at large the false insinuation that Jackson is unfit for her profession and committed potentially unethical or illegal acts.

68. Such actions and words are not subject to privilege on the part of Denmark Tech as the co-workers and members of the public were not in a position of need-to-know regarding the false accusations against Jackson.

69. Such a portrayal is false, known to be false, made with malicious intent to harm Jackson, in reckless disregard of the truth, and is defamatory *per se*; further, the above constitutes defamation by action as well as words and is actionable under the laws of the State of South Carolina.

70. As a direct and proximate result of the aforesaid defamation, Jackson's personal and professional reputation has been damaged, she has suffered physical and emotional distress, mental anguish, humiliation, and she has also suffered the loss of earnings.

71. Jackson is entitled to judgment against Denmark Tech in an amount equal to the sum of her actual damages, including reputational harm, embarrassment, and suffering, and for attorney's fees and costs for bringing this action. Jackson is also entitled pre-judgment interest and to an award of punitive damages to be determined by a jury for the malicious and intentional conduct of Denmark Tech.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carla Jackson prays for judgment against Defendant Denmark Technical College for all damages as plead above in an amount to be determined by a jury, to the full extent allowed by law. Jackson further prays for pre-judgment interest and attorneys' fees and costs associated with this action.

ELECTRONICALLY FILED - 2017 Nov 15 11:36 AM - ALLENDALE - COMMON PLEAS - CASE#2017CP0300266

CROMER BABB PORTER & HICKS, LLC

BY: *s/Shannon M. Polvi*
Shannon M. Polvi (SC Bar #101837)
1418 Laurel Street, Suite A
Post Office Box 11675
Columbia, South Carolina 29211
Phone  803-799-9530
Fax      803-799-9533

*Attorney for Plaintiff*

November 15, 2017
Columbia, South Carolina

NOV 27 2017
INSURANCE RES...
CLAIMS DEPART...