

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | | |
|---|---|---|
| CARLA JACKSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 1:17-03431-MGL |
| | § | |
| DENMARK TECHNICAL COLLEGE; | § | |
| DR. TIM HARDEE, in his official capacity as | § | |
| the President of the South Carolina Technical | § | |
| College System; and DR. CHRISTOPHER | § | |
| HALL, in his official capacity as the Interim | § | |
| President of Denmark Technical College, | § | |
| | § | |
| Defendants. | § | |

---

**MEMORANDUM OPINION AND ORDER
GRANTING IN PART AND DENYING IN PART
DEFENDANT DENMARK TECHNICAL COLLEGE'S
MOTION FOR PARTIAL DISMISSAL,
AND GRANTING IN PART AND DENYING IN PART
DEFENDANTS DR. TIM HARDEE AND DR. CHRISTOPHER HALL'S
MOTION TO DISMISS**

---

## I.    INTRODUCTION

This is an employment case.  The Court has jurisdiction over the matter under 28 U.S.C.

§ 1331 and 28 U.S.C. § 1367(a).

Pending before the Court is Defendant Denmark Technical College's (DTC) motion for

partial dismissal of the second amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure (motion for partial dismissal). Also before the Court is Defendants Dr. Tim Hardee (Hardee) and Dr. Christopher Hall's (Hall) motion to dismiss the second amended complaint (motion to dismiss) in accordance with Fed. R. Civ. P. 12(b)(6). Having reviewed the motions, the responses, the replies, the record, and the applicable law, the Court will grant in part and deny in part Defendant DTC's motion for partial dismissal, and grant in part and deny in part Defendants Hardee and Hall's motion to dismiss.

## II.     FACTUAL AND PROCEDURAL HISTORY

The Court draws the relevant facts for purposes of this Order from the second amended complaint. Plaintiff Carla Jackson (Jackson) is a citizen and resident of Allendale County, South Carolina. Defendant DTC is a two-year technical college located in Bamberg County, South Carolina, operating within the South Carolina Technical College System. Defendant Hardee is the President of the South Carolina Technical College System. Defendant Hall is the Interim President of Defendant DTC.

Jackson alleges that in January, 2011, she was hired as Executive Administrative Coordinator to the President of DTC. She held that role until October 1, 2015. While in that position, in furtherance of her position at DTC, Jackson pursued and obtained a graduate degree from another educational institution. Jackson states she sought and received from DTC tuition assistance towards her graduate degree.

On October 1, 2015, Jackson advances she was appointed Interim Dean of Transitional Studies/Distance Education at DTC, and approximately one year later, she was appointed Interim Dean of Business, Computer, and Related Technologies at the school. During the time frame relevant to her claims, Jackson also served as Assistant to the Area Commissioners, in which role

she performed duties including communicating with Board members outside of work hours, attending Board meetings, and preparing Board meeting minutes.

On November 1, 2016, Jackson submitted a letter to then-President of DTC, Dr. Leonard McIntyre, regarding issues about employment with DTC and the Board of Trustees. On February 14, 2017, Jackson received a letter from Hall, who was by then interim President of DTC, stating her supplemental pay had been suspended. Thereafter, Jackson noticed a significant change in her pay above and beyond the change in her supplemental pay. The Human Resources manager at DTC informed Jackson that Hall had instructed her to make the pay changes. Shortly thereafter, Jackson met with Hall and informed him DTC reducing her pay beyond the supplemental pay change without notice violated her rights.

On February 15, 2017, Jackson filed a complaint with the South Carolina Department of Labor, Licensing, and Regulation (LLR). The same day, Jackson met with Hall, who gave Jackson a letter informing her she was suspended without pay. Neither Hall nor DTC provided further specific information regarding Jackson's suspension.

LLR investigated Jackson's complaint, and as a result of the investigation, DTC had to pay Jackson unpaid wages due to her. On March 15, 2017, DTC "paid some wages due to Jackson per the LLR instructions." ECF No. 38 ¶ 33. In a letter dated March 31, 2017, LLR notified Jackson DTC was warned for failing to provide written notice to employees before altering wages. Further, LLR cited DTC for failing to pay all wages due Jackson and/or other employees. LLR found Jackson was due $207.90 in unpaid wages.

On May 11, 2017, DTC involuntarily terminated Jackson, accusing her of inappropriately receiving tuition reimbursement and approving her own pay increases. Jackson advances DTC published statements regarding Jackson giving or paying herself money she did not earn to two or

more current or former DTC employees.  Jackson avers the defamation began during the final year of her employment at DTC, and continued after her termination.

On November 15, 2017, Jackson filed this action against DTC in the Court of Common Pleas for Allendale County, South Carolina.  ECF No. 1-1 at 2-13.  DTC removed to this Court on December 15, 2017.  ECF No. 1.  On December 20, 2017, DTC filed a motion to dismiss.  ECF No. 5.  In response, Jackson sought leave to amend her complaint, ECF No. 12 at 6, which the Court granted, ECF No. 20.  On February 20, 2018, Jackson filed an amended complaint against DTC, Hardee, and Hall.  ECF No. 21.  DTC and Hardee and Hall filed separate motions to dismiss. ECF Nos. 25, 27.  Jackson again sought leave to amend her complaint, ECF No. 28 at 7, which the Court granted, ECF No. 35.

On April 24, 2018, Jackson filed her second amended complaint against DTC, Hardee, and Hall.  ECF No. 38.  Jackson's second amended complaint brings claims against DTC for 1) violation of the South Carolina Payment of Wages Act (SCPWA); 2) retaliation under the Fair Labor Standards Act (FLSA); 3) retaliation under the South Carolina Whistleblower Act (SC Whistleblower; and 4) defamation.  *Id.*  Jackson also brings a claim against Hardee and Hall for denial of due process.  *Id.*

DTC filed a motion to dismiss Jackson's SCPWA, SC Whistleblower, and defamation claims, ECF No. 41, to which Jackson responded, ECF No. 46, and DTC replied, ECF. No. 48. Hardee and Hall filed a motion to dismiss Jackson's claim for denial of due process, ECF No. 42, to which Jackson responded, ECF No. 47, and Hardee and Hall replied, ECF No. 49.  On July 17, 2018, the Court held a hearing on DTC's motion for partial dismissal and Hardee and Hall's motion to dismiss.  ECF No. 51.  Having been fully briefed on the relevant issues, the Court is now

prepared to discuss the merits of DTC's motion for partial dismissal and Hardee and Hall's motion to dismiss.

## III.    STANDARD OF REVIEW

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). To survive a motion to dismiss, the Federal Rules of Civil Procedure require a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) (2).

Although Rule 8(a) does not require "'detailed factual allegations,'" it requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)), to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). In other words, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

The court may consider only the facts alleged in the complaint, which may include any documents either attached to or incorporated in the complaint, and matters of which the court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 322 (2007). Although the court must accept the plaintiff's factual allegations as true, any conclusory allegations are unentitled to an assumption of truth, and even those allegations pled with factual support need be accepted only to the extent "they plausibly give rise to an entitlement to relief." *Iqbal,* 556 U.S.

at 678-79. In sum, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption all the allegations in the complaint are true (even if doubtful in fact)." *Twombly,* 550 U.S. at 555 (internal citation and footnote omitted).

Where a party seeks leave to amend its pleadings in response to a motion to dismiss, such leave should ordinarily be granted. *See* Fed. R. Civ. P. 15(a)(2) (providing "The court should freely give leave [to amend pleadings] when justice so requires."). Leave to amend may, however, be denied where there has been "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed," where amendment would cause "undue prejudice to the opposing party," or where amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## IV. CONTENTIONS OF THE PARTIES

DTC contends Jackson's SCPWA claim fails because Jackson was suspended without pay, so no wages are due. DTC further avers Jackson's SCPWA claim is insufficiently pled, failing to identify the wages Jackson claims have been withheld, the services provided for those wages, and the dates the services were rendered. DTC advances Jackson's SC Whistleblower claim is due to be dismissed because Jackson is not an employee under the SC Whistleblower Act, and her claim is premature. DTC next avers Jackson's defamation claim should be dismissed because it is insufficiently pled.

Jackson responds her SCPWA claim is actionable. At the hearing on the motions, Jackson argued in relation to her SCPWA claim the payment received as a result of the LLR decision reimbursed her for only part of the wages due in this case. Jackson advanced she is due approximately $300 for work completed in the two weeks before she was suspended without pay.

Further, Jackson avers she is an employee under the SC Whistleblower Act, and her claim is not premature. Finally, Jackson argues she sufficiently pled her defamation claim. Should the Court find her pleadings deficient, Jackson seeks leave to amend her complaint.

Hardee and Hall aver Jackson's denial of due process claim is due to be dismissed because they are immune from monetary claims against them in their official capacities. To the extent Jackson seeks to bring a claim against them for equitable and/or injunctive relief, Hardee and Hall argue Jackson fails to meet the requirements to do so. First, according to them, Jackson's claim is based upon a state-law interest in employment. Second, to the extent Jackson claims Hardee and Hall denied her due process by making false statements about her, such statements are unable to provide the basis for a constitutional claim. Finally, Hardee and Hall argue Jackson fails to allege she is seeking to enjoin them from enforcing any federal law.

Jackson advances she can bring her claim for denial of due process against Hardee and Hall. Jackson argues she is seeking equitable or injunctive relief based upon a constitutional due process violation. Should the Court find her pleading deficient, Jackson seeks leave to amend her complaint.

## V.     DISCUSSION AND ANALYSIS

### A.     *Defendant Denmark Technical College's Motion for Partial Dismissal*

#### 1.     *South Carolina Payment of Wages Claim*

DTC advances Jackson's SCPWA claim is due to be dismissed because the claim is improperly pled in that it fails to allege the wages due or the services rendered. DTC further avers, to the extent Jackson alleges a SCPWA claim, she is seeking wages for the time period she was suspended without pay, and thus is not be entitled to be paid. Jackson counters her SCPWA claim is

7

actionable. At the hearing on the pending motions to dismiss, DTC argued the monies Jackson

received as a result of the LLR finding compensated Jackson in full for any wages due. Jackson

claimed the monies received after the LLR action only partially compensated her for wages due.

Jackson advanced she was due about $300 in unpaid wages for work done during the approximately

two-week period when her pay rate was lowered, and before she was suspended without pay.

"[T]he South Carolina Payment of Wages Act is remedial legislation designed to protect

working people and assist them in collecting compensation wrongfully withheld." *Dumas v. InfoSafe*

*Corp.*, 463 S.E.2d 641, 645 (S.C. Ct. App. 1995). SCPWA defines wages as:

> all amounts at which labor rendered is recompensed, whether the amount is fixed or
> ascertained on a time, task, piece, or commission basis, or other method of calculating
> the amount and includes vacation, holiday, and sick leave payments which are due to
> an employee under any employer policy or employment contract.

S.C. Code Ann. § 41-10-10(2). Thus, to state a claim under SCPWA, payment must be due for work

rendered.

Construing all allegations in the light most favorable to Jackson, the Court holds she has pled

her SCPWA claim sufficiently to withstand DTC's motion to dismiss as to that claim. In her second

amended complaint, Jackson alleges that on February 14, 2017, she was notified via a letter from Hall

her supplemental pay was being suspended. ECF No. 38 ¶ 24. Soon thereafter, she noticed she was

being paid significantly less than she would have expected even with the change in supplemental pay.

*Id.* ¶ 25. Jackson alleges "[a]t the end of her employment" with DTC, "Denmark Tech reduced

Plaintiff's pay to the Administrative Coordinator pay, which was at a lower rate of pay, while she was

still serving as an Interim Dean and performing the additional duties as Assistant to the Area

Commissioners." *Id.* ¶ 53. On February 15, 2017, Jackson was suspended without pay. *Id.* ¶ 30.

As previously noted, at the hearing on the motions to dismiss, Jackson averred she was due

back wages of around $300 for the approximately two weeks before she was suspended without pay,

and the monies received following the LLR proceeding did not fully compensate her for wages due. This claim is in keeping with Jackson's allegation DTC paid "some wages due to Jackson" after the LLR proceeding. *Id.* ¶ 33. Taking the foregoing in the light most favorable to Jackson, the Court holds she has sufficiently pled a SCPWA claim for wages due for duties performed in the period leading up to her suspension without pay from DTC. For that reason, the Court will deny DTC's motion for partial dismissal as to Jackson's SCPWA claim. Because Jackson's SCPWA claim has been sufficiently pled, her motion for leave to amend the complaint as to this claim is rendered moot.

### 2. *SC Whistleblower Claim*

DTC argues Jackson's SC Whistleblower claim fails because Jackson is not an employee under the SC Whistleblower Act, and because her claim is premature. Jackson contests both arguments. The Court agrees Jackson is not an employee under the SC Whistleblower Act, and declines to reach DTC's contention about the claim's prematurity.

The SC Whistleblower Act prohibits a public body from retaliating against an employee for reporting wrongdoing to an "appropriate authority." S.C. Code Ann. § 8-27-20(A). The Act defines an employee as follows:

> "Employee" means an employee of a department of the State; a state board, commission, committee, agency, or authority; a public or governmental body or political subdivision of the State, including counties, municipalities, school districts, or special purpose or public service districts; an organization, corporation, or agency supported in whole or in part by public funds or expending public funds; or a quasi-governmental body of the State and its political subdivisions. "Employee" does not include those persons enumerated within the provisions of Section 8-17-370.

S.C. Code Ann. § 8-27-10(2). Among the people specifically exempted from being employees are "teaching or research faculty, professional librarians, academic administrators, or other persons holding faculty appointments at a four-year post-secondary educational institution, including its

branch campuses, if any, as defined in Section 59-107-10." S.C. Code Ann. § 8-17-370(10). These educational institutions include technical colleges such as DTC. *See* S.C. Code Ann. § 59-107-10.

Under the statutory language, people who hold academic administrator or faculty positions at DTC are not covered employees under the SC Whistleblower Act. Jackson alleges she worked at DTC as Interim Dean of Transitional Studies/Distance Education, Interim Dean of Business, Computer, and Related Technologies, and Assistant to the Area Commissioners. These positions are specifically excluded from being employees under the SC Whistleblower Act.

Because Jackson's status as a non-employee under the SC Whistleblower Act is a sufficient basis upon which to decide the motion to dismiss as to the SC Whistleblower claim, the Court declines to reach the issue of prematurity of the SC Whistleblower claim. *Karsten v. Kaiser Found. Health Plan of Mid-Atl. States, Inc.*, 36 F.3d 8, 11 (4th Cir. 1994) ("If the first reason given is independently sufficient, then all those that follow are surplusage; thus, the strength of the first makes all the rest *dicta*.").

Further, to the extent Jackson seeks leave to amend her complaint as to the SC Whistleblower claim, that leave is due to be denied. The Court notes it has twice previously granted Jackson such leave. Jackson's allegations about the positions she held at the time of the events giving rise to her claims have remained essentially the same. *Compare* ECF No. 1-1 ¶¶ 15-16, 18, ECF No. 21 ¶¶ 18-19, 21, ECF No. 38 ¶¶ 18-19, 21. Further, granting Jackson leave to amend her complaint as to her SC Whistleblower claim would be futile because the positions Jackson alleges she held at DTC are expressly excluded from coverage under the SC Whistleblower Act.

For the above reasons, the Court will grant Defendant DTC's motion for partial dismissal as to Jackson's SC Whistleblower claim, and deny Jackson's motion for leave to amend the

complaint as to her SC Whistleblower claim. Jackson's SC Whistleblower claim will be dismissed with prejudice.

### 3. Defamation Claim

DTC argues Jackson's claim for defamation should be dismissed because it is insufficiently pled with no indication of who made the defamatory statements, who heard them, or when they were made. Jackson responds she properly pled a claim for defamation per se. She notes she alleges DTC defamed her in word and by act. Jackson claims defamatory statements she gave herself money to which she was not entitled were made beginning during the final year of her employment at DTC, and continued after her termination. She further avers the statements were made by DTC employees to Jackson's co-workers and members of the public who knew Jackson. Specifically, Jackson alleges she was defamed to two or more current and former DTC employees. Jackson says two or more people whose names she does not wish to divulge at this time to protect them from potential retaliation by DTC have informed her of defamatory statements made about her.

There are two principal types of defamation: (1) libel: defamation in writing or by act, and (2) slander: defamation by spoken statements. *Erickson v. Jones St. Publishers, LLC*, 629 S.E.2d 653, 664 (S.C. 2006) (citing *Holzscheiter v. Thompson Newspapers, Inc.*, 506 S.E.2d 497, 501 (S.C. 1998)). To bring a claim for defamation under South Carolina law, "the plaintiff must show (1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." *Id.* at 664. Libel is almost always actionable per se. *Id.* Slander is actionable per se when the alleged slander involves the claim the plaintiff engaged in a particular type of act, including "a crime of moral turpitude." *Id.* at 664 n.7 (citing *Holzscheiter*, 506 S.E.2d at 502 n.5).

11

Jackson advances her claim is for defamation per se based upon DTC's allegedly accusing her of a crime of moral turpitude—giving herself money to which she was not entitled. Even assuming such an act would constitute a crime of moral turpitude, and thus DTC's accusing Jackson of such an act would be defamation per se, Jackson's claim is improperly pled.

Taking the allegations in the light most favorable to Jackson, she alleges she was defamed by DTC employees beginning approximately one year before her termination, and continuing after her termination. Jackson, however, has neglected to allege to whom she was defamed. Jackson claims she has failed to disclose the identities of these people to protect them, and states their identities will be disclosed during discovery. Without revealing to whom the defamatory statements were made, however, Jackson has not properly pled the publication element of defamation, and thus she has not met the pleading standards under Fed. R. Civ. P. 8(a)(2), *Bell Atl. Corp.*, and *Iqbal*. *See Colleton v. Charleston Water Sys.*, 225 F. Supp. 3d 362, 369-70 (D.S.C. 2016) (finding an allegation a defamatory statement was overheard in the workplace by employees insufficiently pled). Further, Jackson is not entitled to withhold this information, required for proper pleading, until after discovery. Without that information, DTC cannot prepare a meaningful defense. *Tucker v. Pure Oil Co. of Carolinas*, 3 S.E. 2d 547, 549 (S.C. 1939).

For the above reasons, the Court will grant DTC's motion for partial dismissal as to Jackson's defamation claim. Jackson's defamation claim will be dismissed without prejudice, and the Court will grant Jackson's motion for leave to amend the complaint as to her defamation claim. Jackson is directed to *Colleton*, 225 F. Supp. 3d 362, for the elements which must be part of her defamation claim. Jackson must file her third amended complaint, if any, within 14 days of the date of entry of this Order.

### B.  *Hardee and Hall's Motion to Dismiss*

Hardee and Hall advance Jackson's claim against them for denial of due process is due to be dismissed because they are immune from judgment for monetary damages.  Further, to the extent Jackson seeks equitable or injunctive remedies against them, Hardee and Hall aver she fails to meet the requirements to obtain such remedies.  Jackson advances she is entitled to equitable and injunctive relief against Hardee and Hall in their official capacities.  She argues she is entitled to this relief because: 1) Hardee and Hall failed to follow state law process in suspending and terminating her; 2) she was defamed in the suspension and termination process; and 3) her constitutional due process rights were violated.  The Court agrees with Hardee and Hall as to Jackson's § 1983 claim for monetary damages against them, and as to Jackson's § 1983 claim against them based upon defamation.  The Court agrees with Jackson regarding her § 1983 claim for equitable and/or injunctive relief against Hardee and Hall based upon their failure to follow state employment law.

Although it appears Jackson may have abandoned her claim against Hardee and Hall for monetary damages, in an abundance of caution, the Court first addresses that claim.  Jackson brings her claim against Hardee and Hall in their official capacities under 42 U.S.C. § 1983.  Section 1983 provides a cause of action for a plaintiff who alleges she has been deprived of her constitutional rights by a person acting "under color" of state law.  42 U.S.C. § 1983.  However, Eleventh Amendment immunity generally protects States and State officials sued in their official capacities—like Hardee and Hall here—from suit in federal court for monetary damages under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Such a suit is barred here.  For that reason, the Court will grant Hardee and Hall's motion to dismiss as to the portion of Jackson's due process claim which seeks monetary damages.

To the extent Jackson claims her due process rights were violated because she was defamed during the suspension and termination process, *see* ECF No. 38 ¶ 86, she is unable to bring such a claim. Defamation is not a basis for a § 1983 claim. *Bishop v. Wood*, 426 U.S. 341, 349 (noting a false statement made about an employee during the employee's discharge is not a basis for a constitutional claim). Thus, the Court will grant Hardee and Hall's motion to dismiss as to Jackson's due process claim for equitable/injunctive relief based upon defamation.

In contrast to the bar against suing State officials in their official capacity in federal court for monetary damages under § 1983, a private party may bring a § 1983 suit for prospective injunctive relief against a State official for violation of federal law. *Edelman v. Jordan*, 415 U.S. 651 (1974). There is no corresponding exception, however, when the basis of the lawsuit is a violation of State law.

> [W]hen a plaintiff alleges that a state official has violated *state* law. . . . the entire basis for the doctrine of [*Ex Parte*] *Young* [209 U.S. 123 (1908)] and *Edelman* disappears. A federal court's grant of relief against state officials on the basis of state law, whether prospective or retroactive, does not vindicate the supreme authority of federal law. On the contrary, it is difficult to think of a greater intrusion on state sovereignty than when a federal court instructs state officials on how to conform their conduct to state law. Such a result conflicts directly with the principles of federalism that underlie the Eleventh Amendment. We conclude that *Young* and *Edelman* are inapplicable in a suit against state officials on the basis of state law.

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106 (1984). *Pennhurst*, however, does not apply when the Plaintiff alleges a violation of federal law, even when the relief sought would be under State law. *See Brown v. Ga. Dep't of Revenue*, 881 F.2d 1018, 1023-1024 (11th Cir. 1989) (holding *Pennhurst* did not apply where plaintiff alleged a federal constitutional violation even though granting relief meant ordering State officials to follow state law). Jackson alleges her due process claim is based on her "legitimate claim of entitlement to continued employment arising

14

out of South Carolina law because the investigatory suspension and termination did not follow the South Carolina State Employee Grievance Procedures Act." ECF No. 38 ¶ 85. She brings this claim, however, for violation of her "rights to both substantive and procedural due process guaranteed to her under the Fifth Amendment to the United States Constitution." *Id.* ¶ 89. Thus, while Jackson's claim is based upon purported violations of South Carolina law, she seeks relief based upon alleged violation of her federal constitutional rights, and as such, her claim against Hardee and Hall for equitable and/or injunctive relief for denial of due process is sufficient to withstand Hardee and Hall's motion to dismiss. Accordingly, the Court will deny Hardee and Hall's motion to dismiss as to Jackson's due process claim for equitable/injunctive relief based upon purported violations of state employment law.

For the above reasons, the Court will grant in part and deny in part Defendants Hardee and Hall's motion to dismiss. The Court will grant the motion to dismiss as to Jackson's § 1983 claim for monetary damages, and as to Jackson's claim for equitable/injunctive relief for violation of due process rights based on defamation. Those parts of Jackson's due process claim will be dismissed with prejudice, and the Court will deny Jackson's motion to amend as to those sections of her due process claim. As analyzed above, such amendment would be futile as Jackson is unable to bring these claims against Hardee and Hall. Further, the Court has previously allowed Jackson to amend her complaint as to Hardee and Hall. The Court will deny Hardee and Hall's motion to dismiss as to Jackson's due process claim seeking equitable/injunctive relief based upon alleged violations of South Carolina employment law. Because the Court holds Jackson has properly pled that section of her due process claim, Jackson's motion to amend her complaint as to that section of the due process claim is moot.

## VI.    CONCLUSION

Wherefore, based on the foregoing discussion and analysis, it is the judgment of this Court Defendant Denmark Technical College's motion for partial dismissal is **GRANTED IN PART AND DENIED IN PART**.  Denmark Technical College's motion for partial dismissal is **DENIED** as to Jackson's claim under the South Carolina Payment of Wages Act, and **GRANTED** as to Jackson's claim under the SC Whistleblower Act and Jackson's claim for defamation.  Jackson's SC Whistleblower Act claim is **DISMISSED WITH PREJUDICE**.  Jackson's defamation claim is **DISMISSED WITHOUT PREJUDICE**.  Jackson's motion for leave to amend her complaint as to her SCPWA claim is rendered **MOOT** because the Court holds her SCPWA claim is sufficiently pled.  Jackson is **DENIED** leave to amend her complaint as to her claims under the SC Whistleblower Act, and **GRANTED** leave to amend her complaint as to her defamation claim.

It is the further judgment of this Court Defendants Hardee and Hall's motion to dismiss is **GRANTED IN PART AND DENIED IN PART**.  Hardee and Hall's motion to dismiss is **GRANTED** as to Jackson's due process claim for monetary damages, and as to Jackson's due process claim for equitable and/or injunctive relief based upon defamation.  Those portions of Jackson's due process claim are **DISMISSED WITH PREJUDICE**, and Jackson's motion for leave to amend her complaint is **DENIED** as to those portions of Jackson's due process claim.  Hardee and Hall's motion to dismiss is **DENIED**  as to Jackson's denial of due process claim seeking equitable/injunctive relief based upon purported failure to comply with South Carolina employment law.  Because the Court holds this portion of Jackson's due process claim is sufficiently pled, Jackson's motion for leave to amend complaint is rendered **MOOT** as to this section of Jackson's denial of due process claim.

Jackson's third amended complaint, if any, must be filed within fourteen days of the date of entry of this Order.

**IT IS SO ORDERED.**

Signed this 6th day of August, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATE DISTRICT JUDGE
